OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Garlikov, Admr., et al. v. Continental Casualty Company, d.b.a.
CNA Insurance Company and State Farm Mutual Automobile
Insurance Company.
[Cite as Garlikov v. Continental Cas. Co. (1993),     Ohio
St.3d     .]
Insurance -- Underinsured motorist coverage -- Wrongful death
     claim -- Each person who is covered by an
     uninsured/underinsured policy has a separate claim subject
     to a per person policy limit.
     (No. 93-133 -- Submitted November 10, 1993 -- Decided
December 29, 1993)
     On Order from the United States District Court for the
Eastern District of Pennsylvania, Certifying a Question of
State Law, No. 92-CV-892.
     On March 9, 1990, Kenneth Garlikov was killed in an
automobile accident as a result of the negligence of an
uninsured motorist.  Petitioner, Donald E. Garlikov, the father
of Kenneth S. Garlikov and administrator of the decedent's
estate, filed a declaratory judgment action in the United
States District Court for the Eastern District of Pennsylvania,
asking the court, among other things, to interpret an
uninsured/underinsured motorists policy with State Farm Mutual
Automobile Insurance Company in effect at the time of the
decedent's death.  Under that policy, the decedent and several
members of his family were insureds.  The policy contained
uninsured coverage limits of $250,000 per person and $500,000
per accident.
     The United States District Court for the Eastern District
of Pennsylvania determined that this policy should be
interpreted according to Ohio law and thus certified the
following question to us:
     "Whether all persons who are insureds under the insurance
policy at issue herein, and who are entitled to recover damages
under a wrongful death statute for damages arising out of the
death of a single insured person, are collectively limited in
their recovery to the single person limit ($250,000) of
liability established by that policy or whether the per
occurrence limit ($500,000) applies."

Schottenstein, Zox & Dunn Co., L.P.A., Kevin R. McDermott, Bridgette C. Roman and Harvey Dunn; Kolsby, Gordon, Robin, Shore & Rothweiler and Mitchell J. Shore, for petitioners.

Stradley, Ronon, Stevens & Young, Francis X. Manning and Stephen C. Baker; Gallagher, Sharp, Fulton & Norman and Robert H. Eddy, for respondent Continental Casualty Company.

Hamilton, Kramer, Myers & Cheek and James R. Gallagher; Britt, Hankins, Schiable & Moughan and Brian A. Wall, for respondent State Farm Mutual Automobile Insurance Company.

Clark, Perdue, Roberts & Scott and Glen R. Pritchard, in support of petitioners, for amicus curiae, Ohio Academy of Trial Lawyers.

Dinsmore & Shohl and Stephen K. Shaw, in support of respondents, for amicus curiae, Ohio Association of Civil Trial Attorneys.

Per Curiam.    In our recent opinion in Savoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St. 500,    N.E.2d    , we held:

"Each person, who is covered by an uninsured/underinsured policy and who is presumed to be damaged pursuant to R.C. 2125.01, has a separate claim subject to a separate per person policy limit." Savoie, supra, paragraph four of syllabus.

This holding directly answers the question posed by the United States District Court for the Eastern District of Pennsylvania.

A.W. Sweeney, Douglas, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Moyer, C.J., concurs separately.

Wright, J., dissents.

Moyer, C.J., concurring separately.    I concur separately in the judgment entry in the above-styled case.  As my dissent in Savoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500,    N.E.2d    , stated, I do not agree with the law announced in the majority decision.  Nevertheless, it is the law on the issue in the above-styled case.  As I believe all parties should receive equal application of the law announced by this court, and only for that reason, I concur in the judgment entry.

Wright, J., dissenting.  I must dissent in continuing protest to the majority's sundry holdings in Savoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500, 620 N.E.2d 809.  As stated in the dissent in Savoie, that holding lacks sound reasoning, reverses ten years of established case law and flaunts the will of the General Assembly.  Thus, I feel compelled to remain in this posture until the General Assembly has had the opportunity to undo the damage caused to the public by this unfortunate, result-oriented decision.